IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>ROMAN ANTHONY PERALES,<br><br>        Defendants. | **8:19CR253**<br><br>**ORDER** |

On May 16, 2020, defendant Roman Anthony Perales ("Perales") pleaded guilty pursuant to a plea agreement (Filing No. 43) to one count of assault with intent to commit a felony, in violation of 18 U.S.C. §§ 113(a)(2) and 1153, and one count of using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The Court accepted his plea and sentenced him, in accordance with the binding provisions of his plea agreement, to 33 months and 120 months with respect to each count, to run consecutively. *See* Fed. R. Crim. P. 11(c)(1)(C). Judgment was entered on July 31, 2020, and no direct appeal followed.

Now before the Court is Perales's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 58). Perales's motion, dated December 13, 2023, articulates two grounds for relief. First, he asserts he is entitled to relief under a claim of actual innocence based on a theory of self-defense. Second, he states his trial counsel rendered him ineffective assistance of counsel by pushing him to plea despite his desire to go to trial on that theory.

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must conduct a prompt initial review of Perales's motion. The Court will then order the United States Attorney to respond to his motion or "take other action [it] may order" unless "it plainly appears from the motion, any attached

exhibits, and the record of prior proceedings that [he] is not entitled to relief." *Id.* In such circumstance, the Court must summarily dismiss the motion on its initial review. *Id*.

Motions under § 2255 are generally subject to a one-year limitation period. 28 U.S.C. § 2255(f). That period typically begins to run on "the date on which the judgment of conviction becomes final." *Id.*; *see also Russo v. United States*, 902 F.3d 880, 882 (8th Cir. 2018). However, a petitioner may timely file for relief under § 2255 at a later date if their motion is filed within one year of (1) "the date on which [an] impediment to making a motion created by" unlawful governmental action "is removed," (2) "the date on which the right asserted" was initially recognized by the Supreme Court as a new, retroactively-applicable right, or (3) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(2)-(4).

Perales admits his "motion is untimely." Well over a year has passed since the date on which the judgment in this matter became final, and Perales does not assert any alternative tolling date is applicable under § 2255(f). Nonetheless, he urges he should be able to "overcome [the] statute of limitations via [his] actual innocence claim."

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" to assert freestanding claims for relief despite the "expiration of the statute of limitations" or other procedural bars. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see*, *e.g.*, *Holliday v. Kelley*, 637 Fed. Appx. 264, 265 (8th Cir. 2016) (stating that a petitioner's claim that a DNA kit existed "which would exonerate him" could support an actual innocence conclusion allowing him to overcome untimeliness). To establish that gateway, Perales must persuade the Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see House v. Bell*, 547 U.S. 518, 538 (2006) (explaining that "the *Schlup* standard is demanding and permits review only" in extraordinary circumstances).

It seems unlikely for Perales to meet this demanding burden based on the information provided in his motion. Specifically, his actual-innocence claim appears not to be based on any "new evidence" but rather a theory of self-defense that he claims existed at the time of his plea. *See Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005) ("Evidence is only 'new' if it was 'not available at trial and could not have been discovered earlier through the exercise of due diligence.'" (quoting *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001)). In fact, he alleges that he "continuously sought trial on the self-defense" theory but was persuaded instead to plead guilty by his counsel. Such reliance on evidence Perales alleges is long-standing likely fails to warrant equitable tolling under a claim of actual innocence.

That said, the Court believes it could benefit from further information to determine whether Perales's § 2255 motion is deserving of equitable tolling or is, instead, worthy of dismissal. The United States Attorney is therefore ordered to file an answer or other response to Perales's motion on or before January 30, 2024.

IT IS SO ORDERED.

Dated this 22nd day of December 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge