IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROMAN ANTHONY PERALES,<br><br>Defendant. | 8:19CR253<br><br>MEMORANDUM<br>AND ORDER |

    This matter is before the Court on defendant Roman Anthony Perales's ("Perales") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 58). Nearly four years ago, Perales pleaded guilty pursuant to a plea agreement (Filing No. 43) to one count of assault with intent to commit a felony, in violation of 18 U.S.C. §§ 113(a)(2) and 1153, and one count of using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

    On July 31, 2020, the Court accepted his guilty plea and sentenced him to 33-month and 120-month consecutive terms of imprisonment respectively, which was the binding sentence agreed upon by Perales and the government. *See* Fed. R. Crim. P. 11(c)(1)(C). Judgment was entered that same day. No direct appeal followed.

    On December 13, 2023, Perales moved for relief under § 2255 for the first time. He claims he is entitled to relief under an "actual innocence claim and/or self-defense theory" as he maintains the individuals he assaulted "were the aggressors" and that "deadly force was necessary to stop" them from assaulting his brother. Perales also contends his counsel's encouragement to plead guilty despite his desire to go to trial on a self-defense theory rendered his assistance ineffective.

    Perales admits that his motion for relief is untimely, *see* 28 U.S.C. § 2255(f) (generally subjecting motions under § 2255 to a one-year limitation period, which begins

to run "on the date on which the judgment of conviction becomes final"), but urges that his actual-innocence claim allows him to "overcome [the] statute of limitations." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (concluding "that actual innocence, if proved, serves as a gateway through which a petitioner may pass" through an impediment, including the "expiration of the statute of limitations").

On December 22, 2023, the Court conducted an initial review of Perales's motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. While recognizing it seemed unlikely Perales could establish the timeliness of his motion based on his actual-innocence claim, the Court ordered the United States Attorney to respond to determine whether dismissal is appropriate. *See id.* (requiring the Court to order such a response or, otherwise, summarily dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief").

On January 29, 2024, the United States Attorney filed an answer (Filing No. 61) to Perales's motion. The United States Attorney generally asserts that the "motion should be denied" because Perales provides "no basis to find equitable tolling." Because his actual-innocence claim does not appear to be "based on new evidence but is instead related to a theory of self-defense that existed at the time of his plea," she states, that claim cannot serve as a gateway for equitably tolling. The Court agrees.

The standard for proving an actual-innocence claim that warrants equitable tolling of a § 2255 motion "is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Importantly here, that claim must be based on "new evidence" sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find [the movant] guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329).

2

Perales fails to meet this significant burden because he presents no indication that his theory of actual innocence relies on any "new evidence." Evidence is only "new" in this context if it "was not available at trial and could not have been discovered earlier through the exercise of due diligence." *Nash v. Russell*, 807 F.3d 892, 899 (8th Cir. 2015) (quoting *Amrine v. Bowersox*, 238 F.3d 1023, 1028 (8th Cir. 2001)).

Perales's motion thoroughly demonstrates the evidence on which he bases his self-defense theory is not new but was available and known to him before he pleaded guilty. That theory was not only based on his own first-hand observations during the altercation that led to the charges against him, but also was one which he claims to have repeatedly presented to his counsel in insisting he wished to go to trial. *See Barton v. Stange*, 959 F.3d 867, 872 (8th Cir. 2020) (deciding that a habeas petitioner's evidence was not "new" to establish an actual-innocence gateway where it was available at trial and was the basis on which his prior conviction was set aside).

"Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a [time-]barred claim." *Schlup*, 513 at 316. Therefore, without reaching the merits of his grounds for relief, the Court denies Perales's motion under 28 U.S.C. § 2255 as untimely.

IT IS SO ORDERED.

Dated this 26th day of February 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge